## 14579.   CREECH v. THE STATE.

A conviction of possessing intoxicating liquor was not authorized by the
evidence in this case.   (BROYLES, P. J., dissents.)

DECIDED JULY 11, 1923.

Accusation of possession of liquor; from city court of Metter
— Judge Lanier.   April 18, 1923.

Sid Creech was convicted on testimony as to the finding of
three bottles of whisky in Johnson Bird's buggy, to which the
defendant's mule was attached, and in which Jasper Bird and
the defendant had come to town.   They had arrived in town
about sundown on Saturday, and hitched the mule to a post, and
left the mule and buggy standing there, and in their absence the
town marshal searched the buggy and found two bottles of
" moonshine " whisky under the seat in a " little box concern,"
and then sent for the sheriff, who came to the buggy and found
a third bottle.   This bottle, the marshal testified, was found " in
the foot," but he later testified that he did not know whether the
sheriff found it in the front or the back of the buggy.   The
marshal found the mule and the buggy in a dark part of an
alley back of a store.   The sheriff took charge of the mule and
buggy and drove them off.   The marshal testified that when he
was going to the buggy before finding the liquor he met the de-
fendant at a hardware store, and that after he (the marshal) had
been at the buggy about a half or three quarters of an hour
Johnson Creech came there for the mule and buggy and said that
Sid was to give him fifty cents for getting them.   The witness
said that before Johnson Creech came, a little boy came there
and, on seeing him, started to run, and that the boy said his name
was Bird.   The next time that the witness saw the defendant
after seeing him at the hardware store at the time mentioned
above, was Monday morning.   The sheriff testified that the
defendant came to him and got the mule and buggy, giving bond
for them, and told him that the mule was his and that the buggy
belonged to Johnson Bird.

Jasper Bird testified, that on the day mentioned above he went
to the defendant's house and the defendant was preparing to ride
a mule to town, and he (the witness) proposed that they drive
the mule to town in the buggy mentioned, which belonged to the

father of the witness; that they took with them a dozen eggs which the defendant's wife sent; that they came on to town together and hitched the mule to a light post at A. J. Bird's stables about sundown, and "went on down the street;" that if there had been any liquor in the buggy he would have seen it, but he did not see any; that he was sure no liquor was in the buggy when they left it; that he was with the defendant all the time while they were in the town and did not see him have any liquor; that it was about eight or nine o'clock that night when they went to where the buggy had been left by them, that it had been taken off, and that the defendant found it at the jail Monday morning; that when they went to town Saturday the eggs were in a paper sack in the back of the buggy, and that two or three of the planks in the foot of the buggy had been torn out. Other witnesses testified that when the defendant and Jasper Bird were hitching the mule the paper sack was in the back of the buggy, but that they did not see any liquor. It was testified that the paper sack looked as if it might contain a dozen eggs, and that it was about as big as two fists, and not large enough to contain one of the bottles of liquor referred to. Johnson Creech testified that he saw the defendant at a store that night, and the defendant hired him to hunt the buggy, and did not go with him. The marshal and the sheriff testified that they did not find any eggs in the buggy. The defendant, in his statement at the trial, said that he "never had any liquor at all that night or evening," and had never seen "this whisky."

*Kirkland & Kirkland,* for plaintiff in error.

*C. W. Turner, solicitor,* contra.

BLOODWORTH, J. "The defendant was convicted on circumstantial evidence. The facts proved did not exclude every other reasonable hypothesis save that of the guilt of the accused, and the judge erred in overruling the motion for a new trial." *Harris v. State,* 28 *Ga. App.* 241 (111 S. E. 214). Penal Code, § 1010.

*Judgment reversed. Luke, J., concurs. Broyles, C. J., dissents.*

BROYLES, C. J., dissenting. In my opinion the evidence was sufficient to exclude every *reasonable* hypothesis save that of the defendant's guilt, and the overruling of the motion for a new trial was not error.